# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **ELSIE BECK GLICKERT, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 4:13cv2170 SNLJ** |
| | ) | |
| **THE LOOP TROLLEY** | ) | |
| **TRANSPORTATION DEVELOPMENT** | ) | |
| **DISTRICT, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Currently pending before the Court is defendant Loop Trolley Transportation Development District's Bill of Costs. The defendant's first Bill of Costs was filed on May 13, 2014 and sought $118.50 in printing costs for "Outside Photocopy Service expense on 11/12/13 for copies from the St. Louis County Circuit Court (copying charges)" (#123). The defendant's second Bill of Costs was also filed on May 13 and sought $532.80 in printing costs (#124). The second Bill of Costs adds to the first Bill a charge for "Document Reproduction Copying Fees (4,143 pages) (copying charges)."

Plaintiff objects to the imposition of costs because the Bill fails to demonstrate that the amount it seeks was for "copies . . . necessarily obtained for use in the case," 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). However,

> plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case.

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D.Mo. 1998) (internal quotations omitted); *see also Cowden v. BNSF Ry. Co.*, --- F. Supp. 2d ---, 4:08CV01534 ERW, 2014 WL 107844 (E.D. Mo. Jan. 3, 2014).

As for the first charge, $118.50 "copies from the St. Louis County Circuit Court," plaintiff points out that the defendant's law firm was involved in the only action in the St. Louis County Circuit Court that bears on any issue in this case. The reason for requiring an outside copy service to make copies for that case is therefor puzzling. Nor is it clear how those copies were necessary for use in the case.

As for the second charge, $414.30 for "Document Reproduction Copying Fees (4,143 pages) (copying charges)," it is similarly unclear as to how those copies were necessary for use in the case. Defendant included an affidavit in support of its Bills of Costs, but the affidavit states only that the costs were "necessarily incurred in the case." That does not go to the statutory requirement that the copies be "necessarily obtained <u>for use in the case</u>," 28 U.S.C. § 1920(4) (emphasis added).

Notably, defendant has not filed a memorandum replying to plaintiff's objection or otherwise explaining its Bill of Costs. Because defendant has not shown that the costs it seeks were for copies "necessarily obtained for use in the case," *id.*, the Bill of Costs will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Loop Trolley Transportation Development District's Bill of Costs is **DENIED.**

Dated this  16th  day of June, 2014.

_____

UNITED STATES DISTRICT JUDGE